**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION |
| | : | |
| TAMARA SHEMA WILLIAMS | : | 26-CV-3539 |

**MEMO/ORDER**

NITZA I. QUIÑONES ALEJANDRO, J.                                     JUNE 3, 2026

The Court has received a letter from state prisoner and immigration detainee Tamara Shema Williams, docketed as a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 (ECF No. 1), about her *nolo contendere* plea and sentencing in *Commonwealth v. Williams*, CP-48-CR-0002125-2025 (C.P. Northampton).  (Petition at 1.)  Entitled "Notice of Appeal" and addressed to the "Supreme Appellate Court of Pennsylvania, Third Circuit Court, Eastern Division," a court that does not exist, the letter is focused on matters of state law.  (Petition at 1, 3.)

Williams's letter initially seeks an extension of time to file a notice of appeal from her plea, conviction, and sentencing on April 15, 2026, citing Pa. R. App. Proc. 903(a) (30-day deadline). The letter is hand-dated April 13, 2026, but that was before her plea.  (Petition at 1.)  The envelope is postmarked May 16, 2026, so the actual letter date is more likely May 13, 2026.  (Petition at 3.) Williams also cites Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 *et seq.*, though for reasons that are not immediately apparent.  (*Id.* at 1.)

Apparently referring to the Court of Common Pleas as the "District Court," Williams lists alleged legal errors involving her plea, including a violation of Pennsylvania Rule of Criminal Procedure 600 (the Pennsylvania speedy trial rule) and ineffective assistance of counsel for failing to advise her of her plea's immigration consequences.  (*Id.* at 2.)  Writing from the Clinton County Correctional Facility, an Immigration and Customs Enforcement (ICE) site in the Middle District of Pennsylvania (but from which she has since been transferred, as noted below), Williams claims

1

her immigration detention is a result of that ineffectiveness. (*Id.*) She grounds her extension request on the conditions of her ICE detention, arguing they have delayed her in typing, printing, and filing. She makes no other claim about immigration detention but has done so elsewhere. (*Id.* at 1-2.)[1]

Because Williams apparently intended to send her letter to a state court and the letter does not appear on the Northampton County Court of Common Pleas public web docket sheet of her case,[2] the Court will forward her letter to that court, correct her address of record on the docket, and close this case. Accordingly,

**AND NOW**, this 3rd day of June 2026, it is hereby **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to correct Williams's address of record to Tamara Shema Williams, A#203-071-084, Moshannon Valley Processing Center, 555 Geo Drive, Philipsburg, PA 16866.

2. The Clerk of Court is **DIRECTED** to **SEND** a copy of Williams's Petition (ECF No. 1) to the Northampton County Court of Common Pleas Clerk of Court's Office, Northampton County Government Center, 669 Washington Street, Easton, PA 18042.[3]

---

[1] Williams brought claims about her immigration detention in a *habeas* petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, where she was then confined. *See Williams v. Hoover, et al.*, No. 26-1458 (M.D. Pa.). Recently noting that she had been moved from the Clinton County facility to the Moshannon Valley Processing Center, the Middle District transferred the case to the United States District Court for the Western District of Pennsylvania. *See id.*, Order of May 28, 2026 (ECF No. 4). The case is proceeding in the Western District. *See Williams v. Hoover*, *et al.*, No. 26-0996 (W.D. Pa.). Williams's address on this Court's docket, however, remains the Clinton County Correctional Facility. Accepting the Middle District's update of Williams's address, this Court will order that her address be corrected.

[2] *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (allowing Court to take judicial notice of facts reflected in public records).

[3] Williams is advised to address all future pleadings in her state-court matter to that court.

3.   The case is **DISMISSED**, without prejudice.

4.   The Clerk of Court is **DIRECTED** to close this case.

5.   There is no cause to issue a certificate of appealability.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

3